UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TAMARA L. VANROOYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:09-0005 |
| v. ) | JUDGE ECHOLS |
| ) | |
| WIPRO GALLAGHER SOLUTIONS, ) | |
| INC. and PRASID GANTASI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In this employment discrimination case, Defendants Wipro Gallagher Solutions, Inc. and Prasid Gantasi filed a Motion To Dismiss Or In The Alternative For Continuance (Docket Entry No. 17), to which Plaintiff Tamara L. Vanrooyen filed a response opposing dismissal, but agreeing that a continuance is necessary. (Docket Entry No. 18.)

The Initial Case Management Order was entered on March 27, 2009, setting the discovery deadline on October 30, 2009, and the dispositive motion deadline on December 18, 2009. (Docket Entry No. 10.) The parties requested an extension to complete discovery, and on August 20, 2009, the Magistrate Judge moved the discovery deadline to November 9, 2009, with all other dates to remain the same. (Docket Entry No. 13.) The parties again sought an extension of the discovery deadline, and on December 17, 2009, after consulting with the undersigned, the Magistrate Judge set the discovery deadline on February 1, 2010, the dispositive motion deadline on March 1, 2010, and reset the trial date. (Docket Entry No. 14.)

The parties continued to have difficulty setting depositions of international witnesses. On February 26, 2010, the parties submitted a Consent Motion To Extend Deadlines. (Docket Entry No. 15.) The parties informed the Magistrate Judge that depositions were scheduled for March 2010, after the discovery deadline, so they requested an extension of discovery until April 1, 2010.

1

The Magistrate Judge granted the Consent Motion on February 28, 2010, extending the discovery deadline to April 1, 2010. (Docket Entry No. 16.)

On April 6, 2010, Defendants filed the instant motion to dismiss, or in the alternative, for another continuance. Defendants state they twice noticed the deposition of Plaintiff, first in November 2009 and most recently in March 2010. Defendants also provided Plaintiff's counsel with proposed dates for depositions of defense witnesses in March 2010. Plaintiff's deposition was set by agreement for Tuesday, March 16, 2010. On March 15, Plaintiff's counsel contacted defense counsel to indicate Plaintiff was unavailable for her deposition on March 16, but counsel stated he would consult with his client to provide a new date for her deposition. Despite numerous messages left with Plaintiff's counsel by defense counsel and staff, Plaintiff's counsel did not respond with additional dates for Plaintiff's deposition. Defendants seek dismissal as a sanction under Federal Rules of Civil Procedure 37(b) and 41(b).

Plaintiff's counsel explains that, late on the afternoon of March 12, 2010, he learned that Plaintiff was required to undergo surgery on March 15 that could not be delayed. He advised defense counsel of this problem on Monday, March 15, 2010. Plaintiff states that counsel for both sides continue to deal with logistical problems and a brief extension is necessary for completion of depositions, but dismissal of the case as a sanction is not appropriate.

Having reviewed the record, the Court agrees that dismissal of the case as a sanction is not warranted at this time. However, counsel for the parties have an obligation to communicate with one another during the discovery process, and Plaintiff's counsel is admonished to respond to the communications of defense counsel and to provide information to defense counsel in a more timely manner. Plaintiff must submit herself for deposition without further delay. Likewise, any defense witnesses remaining to be deposed must be scheduled for their depositions promptly. The Court will direct the Magistrate Judge to amend the scheduling deadlines after consultation with the parties.

The attorneys for the parties are admonished, however, that they are responsible to complete discovery by the deadlines agreed upon, and failure to do so may result in adverse consequences. The dates for the final pretrial conference, September 13, 2010, and for the trial, October 5, 2010, will not change. Accordingly,

(1) Defendants' Motion To Dismiss Or In The Alternative For Continuance (Docket Entry No. 17) is hereby GRANTED IN PART and DENIED IN PART. The request for a continuance of the discovery and dispositive motion deadlines is GRANTED. The request for dismissal of the case as a sanction is DENIED.

(2) This case is hereby returned to the Magistrate Judge with direction to hold a telephone conference with the parties to resolve any outstanding discovery matters and to set the discovery and dispositive motion deadlines.

(3) The parties are hereby notified that a further request for extension of the deadlines will likely be denied unless extraordinary circumstances can be shown warranting an extension.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE